IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZA MARIE SOPKO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 19-326 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Eliza Marie Sopko ("Sopko") seeks review of a decision denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1318-1383. Sopko filed her application in November 2015 alleging an onset of disability on May 16, 2014. (R. 15) Her claim was denied initially. Following a hearing during which both Sopko and a vocational expert ("VE") appeared and testified, the ALJ denied benefits. Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 10 and 12. For the reasons set forth below, the ALJ's decision is reversed and this case is remanded.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Sopko has not engaged in substantial gainful activity since the application date. (R. 17) At step two, the ALJ concluded that Sopko suffers from the following severe impairments: cystic fibrosis. (R. 17) At step three, the ALJ determined that Sopko did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18) Between steps three and four, the ALJ decided that Sopko had the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. (R. 18-22) At the fourth step of the analysis, the ALJ concluded that Sopko had no past relevant work. (R. 22) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Sopko's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 22-23)

III. Discussion

(1) Medical Opinions

Sopko urges that the ALJ failed to evaluate the medical opinion evidence in accordance with regulations and case law. *See* ECF Docket No. 11, p. 8-12. In particular she focuses upon the ALJ's assessment of CRNP Broyles's Pulmonary Medical Source Statement. (R. 381-84) Broyles did not offer any opinion regarding

3

limitations on Sopko's ability to sit, stand, walk or take unscheduled breaks, or any opinion regarding her ability to lift, twist, stoop, crouch, climb ladders or climb stairs. (R. 383) He declined to assign a percentage of time that Sopko would be off task on a typical workday or to explain to what degree Sopko could tolerate work stress. (R. 383-84) Further, Broyles did not state whether Sopko's impairments were "reasonably consistent" with the other symptoms and functional limitations described in the evaluation. (R. 384) Rather, Broyles opined only that Sopko should avoid all exposure to cigarette smoke (but imposed no other environmental restrictions) and stated that she would be absent about three days per month as a result of her impairments. (R. 383 - 844)

After careful consideration, I find no error in the ALJ's decision to give Broyles's opinion "little weight." (R. 21) As the ALJ explained, when he authored his decision, Broyles was not an "acceptable medical source" and he discounted it accordingly. (R. 21); *See* SSR 06-3p, 2006 WL 2329939[1] This distinction is important because evidence from acceptable medical sources is required to establish the existence of a medically determinable impairment; only acceptable medical sources can author medical opinions; and only acceptable medical sources can be considered treating sources whose opinions are entitled to controlling weight. *Id.* Thus, Broyles's opinion was not entitled to controlling weight. Further, contrary to Sopko's assertions, the ALJ did consider other factors such as "supportability" and "consistency" in assessing the weight to give Broyles's opinion and did acknowledge the "the claimant has been examined 3 to 4 times per year regularly since birth" though not necessarily by Broyles. (R. 21) The

---

[1] SSR 06-3p has been rescinded, however it was in place at the time the ALJ issued his decision and applies to this claim.

4

ALJ also explained that he discounted Broyles's opinion because it was not supported by the record as a whole. (R. 21) Inconsistency with other evidence is a valid reason for discounting opinion evidence. *See* 20 C.F.R. §§ 404.1527; 416.927; *see also, Rita L.S. v. Comm'r. of Soc. Sec.*, Civ. No. 16-01981, 2018 WL 4361039, at * 7 (D. Or. Sept. 13, 2018) (stating that "[s]pecific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or internal inconsistency.") Further, his conclusion in this regard is supported by substantial evidence of record. For instance, as the ALJ stated, other medical providers noted that Sopko's condition was stable and that she responded positively to her treatment regimen. (R. 21-22, *citing* Exhibits 10F, 5F, 11F). Consequently, I find no error or basis for remand.

(2) Residual Functional Capacity

Here, the ALJ found that Sopko had the RFC to perform:

> A range of light work as defined in 20 C.F.R. 416.967(b) such that she can lift up to 20-pounds occasionally, can lift and carry up to 10 pounds frequently, can stand and walk with normal breaks for about 6 hours in an 8-hour work day, and can sit with normal breaks for about 6 hours in an 8-hour work day. The claimant can never climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can have no exposure to extreme cold, extreme heat, humidity, unprotected heights, or to hazardous machinery. The claimant can have no concentrated exposure to irritants such as fumes, odors, dusts, gases, or poorly ventilated areas. Secondary to her physical impairments, the claimant can have only occasional interaction with the general public and with co-workers.

(R. 18) Sopko contends that the RFC is based upon the premise that her cystic fibrosis is stable, and the stability depends upon compliance with therapies and medication.

5

According to Sopko, the RFC as crafted does not allow for her therapies and medication.

I agree that the ALJ's decision rests upon compliance with therapies and medication. The ALJ states "[o]verall, the record reflects that cystic fibrosis is a severe impairment, but also that it is generally stable, provided that the claimant follows therapies and medication use, and that she has generally been noted as doing well with normal spirometry." (R. 20-21) Elsewhere in the decision the ALJ observes that Sopko testified that "[s]he has to use treatments for cystic fibrosis 3 times per day that take up about 30 minutes, and she has to use a nebulizer. She uses a therapy vest for cystic fibrosis 3 times per day." (R. 19) What I find to be problematic is that the ALJ never explicitly rejects this testimony. His reference to "therapies" suggests that he accepts it. Consequently, Sopko is correct in questioning how the RFC accounts for the use of the therapy vest and other treatments. The Government would have the Court affirm the ALJ's decision based upon evidence in the record[2] but there is no indication that the ALJ actually relied upon this evidence. This is improper. *See Marbury v. Astrue*, Civ. No. 9-300, 2010 WL 3220039, * 6 (W.D. Pa. Aug. 12, 2010) (stating that "the agency's decision cannot be affirmed on a ground other than that actually relief upon by the agency in making its decision."); *Spoljaric v. Berryhill*, Civ. No. 17-3427781, 2018 WL 3427781, *6 (M.D. Pa. July 16, 2018) (stating that "the Commissioner cannot now rely upon evidentiary support for the ALJ's credibility determination … which was not

---

[2] The Government points to testimony from Sopko's mother that Sopko usually does her treatments in the morning, mid-afternoon and evening and testimony from the VE that Sopko would be permitted to be off task for a total of 48 minutes a day. The Government thus reasons that Sopko could perform one treatment prior to work, one during her lunch period and one after work. This requires too many assumptions for comfort. First, the mother's testimony is not entirely clear. "Morning" may mean prior to departing for work or it may mean mid-morning. Second, there is no indication from the VE that a break for such therapy would work with the identified occupations.

identified by the ALJ in his decision.") Consequently, a remand is required on this issue. On remand, the ALJ should explain his findings regarding the necessary "treatments" and "medications" to keep Sopko's cystic fibrosis "stable" such that she is capable of performing the RFC he identified. Further, if required, he should elicit the testimony of a VE to determine the impact, if any, such treatments and medications would have on the relevant occupations.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZA MARIE SOPKO )
    Plaintiff, )
  -vs- ) Civil Action No. 19-326
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 9th day of March, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 10) is GRANTED and the Motion for Summary Judgment (Docket No. 12) is DENIED. It is further ORDERED that this case is REMANDED for further consideration consistent with the accompanying Opinion. The Clerk of Courts mark this case "Closed" forthwith.

                BY THE COURT:

                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge